UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 DEC 31 PM 3: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| WOODROW LEONARD, EDWARD JAMES MITCHELL, DEDRA DEWAYNE MILLER, CLEVELAND CRUTCHER, and RONNIE GARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>RENT-A-CENTER, INC.,<br><br>Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] CV- 00-BE-3404-NE |

ENTERED
DEC 3 1 2002

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Summary Judgment (Doc. 53). Having considered the briefs and evidentiary submissions and having heard oral arguments on the motion, the court finds that the motion is due to be granted in part and denied in part for the reasons stated herein. Because of the large number of plaintiffs in this case, the court individually addresses the claims alleged by each plaintiff to clarify the remaining claims in this case.[1]

### 1. Woodrow Leonard

Plaintiff Leonard alleged claims for failure to promote because of race under Title VII and § 1981, discriminatory discharge because of race under Title VII and § 1981, and invasion of

---

[1] Due to plaintiffs' stipulation to the dismissal of all discriminatory job assignment and FMLA claims, the court does not address these claims. Similarly, due to Miller and Cruther's stipulation to the dismissal of their invasion of privacy claims, the court does not address these claims.

1

91

privacy. The court finds no genuine issues of material fact regarding Leonard's failure to promote claim and, therefore, grants summary judgment on this claim. Defendant produced evidence that a white male was promoted instead of Leonard because the white male had previously served as a store manager and, thus, was more qualified than Leonard. This court does "not ask whether the employer selected the 'most' qualified candidate, but only whether it selected the candidate based on an unlawful motive." *Denney v. City of Albany*, 247 F.3d 1172, 1188 (11th Cir. 2001). Leonard's only evidence of racial animus was the testimony of co-plaintiff Crutcher that the decision-maker, Randy Watkins, stated that the employer was "looking for a better class of people" and the testimony of co-plaintiff Garrett that Watkins at some point used the word "nigger." However, plaintiff Leonard provided no evidence that Watkins was motivated by racial animus regarding the specific decision to hire another candidate for the Store Manager position. Thus, the court finds plaintiff's evidence of pretext insufficient and grants summary judgment on Leonard's failure to promote claim.

Regarding Leonard's discriminatory discharge claim, the court finds that plaintiff provided sufficient evidence of racial animus to create a genuine issue of material fact as to whether defendant's proffered reason for Leonard's termination was pretext. Thus, the court denies summary judgment as to this claim.

The court finds that Leonard's invasion of privacy claim was not time-barred by the applicable two-year statute of limitations. Leonard took the allegedly invasive test on November 10, 1998, and filed this case on November 27, 2000. Although Leonard waited longer than two years from taking the test to file this particular lawsuit, Leonard filed a Motion to Intervene and a Complaint in Intervention in a similar case pending in this district, *Baylock v. Renter's Choice*,

CV-00-PWG-3033-NW, on November 14, 2000, less than two years after he took the test. After Leonard filed this lawsuit on November 27, 2000, he voluntarily dismissed the Motion to Intervene and Complaint in Intervention.

The Eleventh Circuit stated in *Dade County v. Rohr Industries*, 826 F.2d 983, 989 (11th Cir. 1987) that "[a]lthough the filing of a federal action will initially toll the statute of limitations, the subsequent voluntary dismissal of the federal action has the effect of placing the parties in a position as if the suit had never been filed." The effect of this rule of law in *Rohr Industries* was detrimental to the plaintiff because the plaintiff filed the complaint at issue <u>after</u> its earlier complaint had been voluntarily dismissed. Thus, the Eleventh Circuit held that the plaintiff's subsequent filing did not toll the statute of limitations. 826 F.2d at 989. In the case at hand, however, Leonard filed this lawsuit <u>before</u> voluntarily dismissing his timely Complaint in Intervention in *Baylock v. Renter's Choice*. The defendant cited no case similar to the situation here and the court could find none. Because "the filing of a federal action will initially toll the statute of limitations," *Rohr Industries*, 826 F.2d at 989, this court concludes that the filing of the Motion to Intervene tolled the running of the statute of limitations. Therefore, because this suit was filed while Leonard's Motion to Intervene was still pending, Leonard's invasion of privacy claim relates back to his Motion to Intervene filed on November 14, 2000, and is timely.

In addition to finding that Leonard's claim is timely, the court also finds that the patently offensive questions on the test create an issue of material fact as to whether the defendant's intrusion is "highly offensive to a reasonable person." *Phillips v. Smalley Maintenance Services, Inc.*, 435 So. 2d 705, 706 (Ala. 1983) (citing *Restatement Second of Torts*, § 652B (1977)). Therefore, the court denies summary judgment as to Leonard's invasion of privacy claim.

As a result of the above findings, summary judgment is granted as to Leonard's failure to promote claim and denied as to Leonard's discriminatory termination and invasion of privacy claims.

**2. Edward James Mitchell**

Plaintiff Mitchell alleges a claim for discriminatory termination under Title VII and § 1981. The court finds that plaintiff provided sufficient evidence of racial animus to create a genuine issue of material fact as to whether defendant's proffered reason for Mitchell's termination was pretext. Thus, the court denies summary judgment as to Mitchell's discriminatory termination claim.

**3. Dedra Dewayne Miller**

Plaintiff Miller alleges a claim for discriminatory termination under Title VII and § 1981. The court finds that plaintiff provided sufficient evidence of racial animus to create a genuine issue of material fact as to whether defendant's proffered reason for Miller's termination was pretext. Thus, the court denies summary judgment as to Miller's discriminatory termination claim.

**4. Cleveland Crutcher**

Plaintiff Crutcher alleges a claim for constructive discharge. To prove a prima facie case of constructive discharge, "[t]he employee must prove that his working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign." *Hill v. Winn Dixie*, 934 F.2d 1518, 1527 (11th Cir. 1991). The court finds that Crutcher failed to submit sufficient evidence of intolerable working conditions to substantiate a claim for constructive

discharge. Crutcher claims he resigned because he was forced to terminate Miller and because of the management's racial slurs about and treatment towards African-Americans. However, the evidence indicates that Crutcher never complained to his superiors about having to terminate Miller. Because the evidence does not indicate that Crutcher was so unpleasantly treated that a reasonable person would have felt compelled to resign, the court grants summary judgment as to Crutcher's constructive discharge claim. Plaintiff Crutcher has no further pending claims against defendant and is therefore dismissed from this lawsuit.

### 5. Ronnie Garrett

Plaintiff Garrett alleges claims for discriminatory termination under Title VII and § 1981, a hostile work environment under Title VII, and invasion of privacy. Regarding Garrett's discriminatory termination claim, the court finds that plaintiff provided sufficient evidence of racial animus to create a genuine issue of material fact as to whether defendant's proffered reason for Garrett's termination was pretext. Thus, the court denies summary judgment as to Garrett's discriminatory termination claim.

To establish a hostile work environment claim, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.,*, 510 U.S. 17, 21 (1993). In addition, the employee must show that he belongs to a protected group, that the harassment was based on a protected characteristic of the employee, and that the employer is responsible for the hostile environment under a theory of vicarious or direct liability. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). In the case at hand, the court finds that a genuine issue of

material fact exists as to whether Garrett's testimony that he overheard Watkins use the term "nigger" and other racial slurs is sufficiently severe or pervasive to alter the conditions of Garrett's employment. Thus, the court denies summary judgment as to Garrett's hostile working environment claim.

Regarding Garrett's invasion of privacy claim, the court finds that the nature of the questions on the test at issue creates a genuine issue of material fact as to whether the questions would be highly offensive to a reasonable person. Thus, the court denies summary judgment as to Garrett's invasion of privacy claim.

A separate Order will be entered.

_/s/ Karon O. Bowdre_
KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

December 31, 2002